MR. JUSTICE DAY*
delivered the opinion of the Court.
This action was commenced by the City of Thornton (City) seeking to be excluded from the Southwest Adams Fire Protection District pursuant to section 32-1-301, C.R.S. 1973. The district court of Adams County found that the conditions for exclusion had been met and there is no review sought as to that portion of the trial court judgment ordering the exclusion. What is challenged in the appeal here is the portion of the judgment decreeing that the property owners in the excluded area are not to be subjected to future taxation by the district for contributions to its Firemen’s Pension Fund. We affirm the judgment and order of exclusion but nullify the order relating to the issue of whether the Thornton property owners will or will not be subject to taxation for the District Pension Fund.
At the hearing in which proof was presented showing Thornton’s compliance with the conditions precedent to exclusion, the trial court sua sponte ordered the parties to submit briefs on the question whether the district’s pension fund was an “operating expense” or an “outstanding indebtedness”. Without any hearing and relying solely upon the briefs the trial court concluded that the pension fund was not an “outstanding indebtedness” and therefore the excluded property owners would not be subject to any continuing or future taxation for the fund. Whether the court was right or wrong cannot be decided in this appeal. We simply hold that the question was not before the court, and the court had no jurisdiction to determine the matter, being limited as it was to the narrow issue of whether the conditions for exclusion had been met.
Section 32-1-308, C.R.S. 1973, provides in part:
“Territory excluded from a district pursuant to the provisions of this part 3 shall not be subject to any property tax levied by the board of directors of the district for the operating costs of the district. For the purpose of retiring the district’s outstanding indebtedness and the interest thereon, existing at the effective date of the exclusion order, the district shall remain intact and the excluded territory shall be obligated to the same extent as all other property within the district. . . .”
This section is directory to the taxing authorities. To inject this matter in an exclusion proceeding is not within the jurisdiction of the court. To permit it to be considered would deprive the affected property *144 owners of notice and thus deprive them of due process of law.
No facts were before the court relating to the nature of the fund, its assets and liabilities, future sources of revenue and myriad other evidentiary matters. If the district has any basis for claiming its pension fund is an “outstanding obligation” and attempts to assess the property owners in the excluded area, pursuant to section 32-1-308, C.R.S. 1973, and if the property owners resist and challenge such district action, then appropriate legal steps taken upon such happening will bring the matter properly and fully before the court for determination of the issue.
The judgment is affirmed in part and reversed in part. That portion of the judgment related to the exclusion of the territory is affirmed and that portion of the judgment relating to taxation is reversed.
MR. JUSTICE CARRIGAN does not participate.

 Retired Supreme Court Justice sitting under assignment of the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.